

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1263-08

### RODGER EUGENE MANSFIELD, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

JOHNSON, J., filed a concurring opinion in which PRICE and COCHRAN, JJ., joined.

### C O N C U R R I N G   O P I N I O N

I concur in the judgment of the Court, which correctly notes that appellant's burden on a motion for community supervision was to prove that he had never before been convicted of a felony and that appellant's father's testimony established appellant's eligibility for community supervision.

I would go further and state that the question of whether appellant had ever been on community supervision is one that need not, and probably should not, be asked. If it is asked, the answer is admissible and not subject to exclusion as being outside of personal knowledge; if the

witness knows enough to testify as to lack of prior convictions, the witness knows enough to testify about prior community supervision. As the majority notes, the imposition of regular community supervision counts as a conviction under our case law for the purposes of a motion for community supervision, thus testimony about prior convictions includes any prior community supervision. A separate question is redundant and might be subject to an objection of "asked and answered."

I would hold that the trial court erred in sustaining the state's objection based on lack of personal knowledge, but that the error was harmless because appellant's father had already established appellant's eligibility for community supervision.

Filed: March 17, 2010
Publish